Cynthia Cotton
1128 Wilson Ave
Gwynn Oak md. 21207

2-26-2010

Case- 09-24946-JS

## Certification of Service

I hereby certify that a copy of __Contract of Sale__ (document being served, was mailed first class postage paid, This __26__ day of __February__ 2010 To:

One West Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

Trustee
Gerard R. Vetter
100 S. Charles St.
Baltimore, md. 21201
Suite,- 501

Attory
Edward C. Christman, Jr.
810 Gleneagles Ct.
Towson, md. 21286
Suite - 301





# RESIDENTIAL CONTRACT OF SALE

*This is a Legally Binding Contract; If Not Understood, Seek Competent Legal Advice.*
THIS FORM IS DESIGNED AND INTENDED FOR THE SALE AND PURCHASE OF IMPROVED SINGLE FAMILY RESIDENTIAL REAL ESTATE LOCATED IN MARYLAND ONLY. *FOR OTHER TYPES OF PROPERTY INCLUDE APPROPRIATE ADDENDA.*

**TIME IS OF THE ESSENCE.** Time is of the essence of this Contract. The failure of Seller or Buyer to perform any act as provided in this Contract by a prescribed date or within a prescribed time period shall be a default under this Contract and the non-defaulting party, upon written notice to the defaulting party, may declare this Contract null and void and of no further legal force and effect. In such event, all Deposit(s) shall be disbursed in accordance with Paragraph 19 of this Contract.

1. **DATE OF OFFER:** February 24, 2010

2. **SELLER:** CYNTHIA COTTON

3. **BUYER:** FELICIA D. SLIGH

4. **PROPERTY:** Seller does sell to Buyer and Buyer does purchase from Seller, all of the following described Property (hereinafter "Property") known as **1128 WILSON AVENUE** located in **GWYNN OAK** City/County, Maryland, Zip **21207**, together with the improvements thereon, and all rights and appurtenances thereto belonging.

5. **ESTATE:** The Property is being conveyed: **X** in fee simple or _____ subject to an annual ground rent, now existing or to be created, in the amount of _____ Dollars ($ _____) payable semi-annually, as now or to be recorded among the Land Records of _____ City/County, Maryland.

6. **PURCHASE PRICE:** The purchase price is **Two Hundred Nineteen Thousand** Dollars ($ **219,000.00**).

7. **PAYMENT TERMS:** The payment of the purchase price shall be made by Buyer as follows:
(a) An initial Deposit by way of **CHECK** in the amount of **Three Hundred** Dollars ($ **300.00**) at the time of this offer.
(b) An additional Deposit by way of _____ in the amount of _____ Dollars ($ _____) to be paid within _____ ( _____ ) days from the Date of Contract Acceptance.
(c) All Deposits will be held in escrow by: **K G TITLE**.
(If not a Maryland licensed real estate broker, the parties may execute a separate escrow deposit agreement.)
(d) The purchase price less any and all Deposits shall be paid in full by Buyer in cash, wired funds, bank check, certified check or other payment acceptable to the settlement officer at settlement.
(e) Buyer and Seller instruct broker named in paragraph (c) above to place the Deposits in: **(Check One)**
☐ A non-interest bearing account;
OR ☐ An interest bearing account, the interest on which, in absence of default by Buyer, shall accrue to the benefit of Buyer. Broker may charge a fee for establishing an interest bearing account.

8. **SETTLEMENT:** Date of Settlement **March 25, 2010** or sooner if agreed to in writing by the parties.

9. **FINANCING:** Buyer's obligation to purchase the Property is contingent upon Buyer obtaining a written commitment for a loan secured by the Property as follows:

(Check) ☐ Conventional Loan as follows:
Loan Amount $ _____
Term of Note _____ Years
Amortization _____ Years
Interest Rate _____ %
Loan Program _____
Loan Origination/Discount Fees (as a % of loan amount):
Buyer agrees to pay _____ %;
Seller agrees to pay _____ %.
Buyer shall receive the benefit of any reduction in fees.

☒ FHA Financing Addendum
☐ Gift of Funds Contingency Addendum
☐ Owner Financing Addendum
☐ VA Financing Addendum
☐ Assumption Addendum
☐ OTHER: _____

☐ No Financing Contingency

Buyer _____   Page 1 of 11  10/09   Seller _____

Keller Williams Select Realtor 3290 N Ridge Rd. Suite 150 Ellicott City, MD 21043      Phone: 443-574-1600   Fax: 443-574-1606
Alma Crede    Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

**10. FINANCING APPLICATION AND COMMITMENT:** Buyer agrees to make a written application for the financing as herein described within _____Seven_____ ( __7__ ) days from the Date of Contract Acceptance. If such written financing commitment is not obtained by Buyer within _____Fifteen_____ ( __15__ ) days from the Date of Contract Acceptance: (1) Seller, at Seller's election and upon written notice to Buyer, may declare this Contract null and void and of no further legal effect; or (2) Buyer, upon written notice to Seller, which shall include written evidence from the lender of Buyer's inability to obtain financing as provided in Paragraph 9 of this Contract, may declare this Contract null and void and of no further legal effect. In either case, the deposit shall be disbursed in accordance with the Deposit paragraph of this Contract. If Buyer has complied with all of Buyer's obligations under this Contract, including those with respect to applying for financing and seeking to obtain financing, then the Release of Deposit agreement shall provide that the deposit shall be returned to Buyer.

**11. ALTERNATE FINANCING:** Provided Buyer timely and diligently pursues the financing described in Paragraph 9 **"Financing"**; Paragraph 10 **"Financing Application and Commitment"**; and the provisions of Paragraph 28 **"Buyer Responsibility"**, Buyer, at Buyer's election, may also apply for alternate financing. If Buyer, at Buyers sole option, obtains a written commitment for financing in which the loan amount, term of note, amortization period, interest rate, down payment or loan program differ from the financing as described in Paragraph 9, or any addendum to this Contract, the provision of Paragraph 10 or any addendum to this Contract shall be deemed to have been fully satisfied. Such alternate financing may not increase costs to Seller or exceed the time allowed to secure the financing commitment as provided in Paragraph 10, or any addendum to this Contract.

**12. HOME AND/OR ENVIRONMENTAL INSPECTION:** Buyer acknowledges, subject to Seller acceptance, that Buyer is afforded the opportunity, at Buyer's sole cost and expense, to condition Buyer's purchase of the Property upon a Home Inspection and/or Environmental Inspection in order to ascertain the physical condition of the Property or the existence of environmental hazards. If Buyer desires a Home Inspection and/or Environmental Inspection contingency, such contingency must be included in an addendum to this Contract. Buyer and Seller acknowledge that Brokers, agents or subagents are not responsible for the existence or discovery of property defects.

    **Inspection(s) Addenda Attached**                                    **Inspection(s) Declined**
                **Buyer**      **Buyer**                                         **Buyer**      **Buyer**

**13. INCLUSIONS/EXCLUSIONS:** Included in the purchase price are all permanently attached fixtures, including all smoke detectors. Certain other **now existing items** which may be considered personal property, whether installed or stored upon the property, are included if box below is checked.

| INCLUDED | INCLUDED | INCLUDED | INCLUDED |
|---|---|---|---|
| ☐ Alarm System | ☐ Exhaust Fan(s) # _____ | ☐ Pool, Equip. & Cover | ☐ Trash Compactor |
| ☐ Built-in Microwave | ☐ Exist. W/W Carpet | ☐ Refrigerator(s) # _____ | ☐ Wall Oven(s) # _____ |
| ☐ Ceiling Fan(s) # _____ | ☐ Fireplace Screen/Doors | ☐   w/ice maker | ☐ Water Filter |
| ☐ Central Vacuum | ☐ Freezer | ☐ Satellite Dish | ☐ Water Softener |
| ☐ Clothes Dryer | ☐ Furnace Humidifier | ☐ Screens | ☐ Window A/C Unit(s) |
| ☐ Clothes Washer | ☐ Garage Opener(s) # _____ | ☐ Shades/Blinds |   # _____ |
| ☐ Cooktop |   w/remote(s) # _____ | ☐ Storage Shed(s) # _____ | ☐ Window Fan(s) |
| ☐ Dishwasher | ☐ Garbage Disposer | ☐ Storm Doors |   # _____ |
| ☐ Drapery/Curtain Rods | ☐ Hot Tub, Equip. & Cover | ☐ Storm Windows | ☐ Wood Stove |
| ☐ Draperies/Curtains | ☐ Intercom | ☐ Stove or Range | |
| ☐ Electronic Air Filter | ☐ Playground Equipment | ☐ T.V. Antenna | |

ADDITIONAL INCLUSIONS (SPECIFY):_____

ADDITIONAL EXCLUSIONS (SPECIFY):_____

**14. AGRICULTURALLY ASSESSED PROPERTY:** The Property, or any portion thereof, may be subject to an Agricultural Land Transfer Tax as imposed by Section 13-301 et seq. of the Tax-Property Article, Annotated Code of Maryland, by reason of the Property's having been assessed on the basis of agricultural use. Agricultural taxes assessed as a result of this transfer shall be paid by_____.

**15. FOREST CONSERVATION AND MANAGEMENT PROGRAM:** Buyer is hereby notified that this transfer may be subject to the Forest Conservation and Management Program imposed by Section 8-211 of the Tax-Property Article, Annotated Code of Maryland. Forest Conservation and Management program taxes assessed as a result of this transfer shall be paid by the_____.

**16. LEAD-BASED PAINT:**
A. FEDERAL LEAD-BASED PAINT LAW: Title X, Section 1018, the Residential Lead-Based Paint Hazard Reduction Act of 1992 (the Act), requires the disclosure of information regarding lead-based paint and lead-based paint hazards in connection with the sale of residential real property constructed prior to 1978. The disclosure shall be made on a Lead-Based Paint Disclosure form meeting federal disclosure requirements. **Seller and any agent involved in the transaction are required to retain a copy of the completed Lead-Based Paint Disclosure form for a period of three (3) years following the date of settlement. A seller who fails to give the required Lead-Based Paint Disclosure form and EPA pamphlet may be liable under the Act for three times the amount of damages and may be subject to both civil and criminal penalties.** Unless otherwise exempt, compliance with the Act is required for housing constructed prior to 1978.

Seller represents and warrants to Buyer, Broker(s), Broker(s)' agents and subagents, intending that they rely upon such warranty and representation, that the property (**Seller to initial applicable line**):

- / was constructed prior to 1978;
- / date of construction is uncertain;
- / was constructed in 1978 or later.

If the Property was constructed prior to 1978 or if the date of construction is uncertain, as indicated by Seller's initial above, Buyer and Seller mutually agree that the requirements of the Act shall apply to the sale of the Property. Buyer and Seller acknowledge that the real estate brokers and salespersons involved in the sale of the Property have no duty to ascertain or verify the date of construction and assume no such duty or responsibility. Buyer and Seller intend that compliance with the Act is an express condition of the formation of a binding and enforceable contract by and between the parties and each unto the other agree, represent and warrant, that no binding and enforceable contract shall exist unless the requirements of the Act have been complied with prior to the execution of this Contract by Buyer and Seller.

B. MARYLAND LEAD POISONING PREVENTION PROGRAM: Under the Maryland Lead Poisoning Prevention Program (the "Program"), any residential dwelling constructed prior to 1950 that is leased for residential purposes is required to be registered with the Maryland Department of the Environment (MDE). Any residential dwelling constructed between 1950 and 1978 that is leased for residential purposes may be registered with the MDE at the election of the owner.

Seller hereby discloses that the property *(Seller to initial applicable lines)*:

- / was constructed prior to 1950; OR
- / was constructed between 1950 and 1978; OR
- / was constructed after 1978; **AND**

If constructed in 1978 or earlier,    /    **is** or    /    **is not** registered in the Program.

If the Property was constructed prior to 1950 and Buyer intends to lease the Property effective immediately following settlement or in the future, Buyer shall be required to register the Property with the Maryland Department of the Environment within thirty (30) days following the date of settlement or within thirty (30) days following the conversion of the Property to rental property as required by the Maryland Program. Buyer shall be responsible for full compliance under the Maryland Program, including but not limited to, registration; inspections; lead-paint risk reduction and abatement procedures; payment of all fees, costs and expenses; and the notice requirements to tenants as well as the requirements of qualified offers.

If the Property is registered under the Maryland Program as indicated above, Seller further discloses to Buyer that an event as defined under the Maryland Program (including, but not limited to, notice of the existence of lead-based paint hazards or notice of elevated blood lead levels from a tenant or state, local or municipal health agency) *(Seller to initial applicable line)*    /    has; or    /    has **not** occurred, which obligates Seller to perform either the modified or full risk reduction treatment of the Property as required under the Maryland Program. If an event has occurred that obligates Seller to perform either the modified or full risk reduction treatment of the Property, Seller hereby discloses the scope of such treatment as follows:

_____
_____

If such event has occurred, Seller *(Seller to initial applicable line)*    /    will; OR    /    will **not** perform the required treatment prior to transfer of title of the Property to Buyer.

Buyer ____/_____        Page 3 of 11   10/09        Seller ____/_____

**17. ADDENDA:** The Addenda checked below, which are hereby attached, are made a part of this Contract:

- ☐ Affiliated Business Disclosure Notice
- ☐ As Is
- ☐ Cash/Conventional Financing Appraisal Contingency
- ☐ Condominium Resale Notice
- ☐ Conservation Easement
- ☐ Disclosure of Licensee Status
- ☐ First-Time Maryland Home Buyer Transfer & Recordation Tax
- ☐ Homeowners Association Notice
- ☐ Kickout
- ☐ Lead-Based Paint Hazard Inspection
- ☐ Lead-Based Paint and Lead-Based Hazards Disclosure of Information
- ☐ Local City/County Certifications/Registrations
- ☐ Local City/County Notices/Disclosure
- ☐ Maryland Non-Resident Seller Transfer Withholding Tax
- ☐ Notice to Buyer and Seller – Maryland Residential Real Property Disclosure/Disclaimer Act
- ☐ On-Site Sewage Disposal System Inspection
- ☐ Property Subject to Ground Rent
- ☐ Property Inspections
- ☐ Purchase Price Escalation
- ☐ Short Sale
- ☐ Sale, Financing, Settlement or Lease of Other Real Estate
- ☐ Seller's Purchase of Another Property
- ☐ Third Party Approval
- ☐ Water Quality

☐ Other Addenda/Special Conditions: _____

**18. WOOD DESTROYING INSECT INSPECTION:** Buyer, at Buyer's expense, (if VA, then at Seller's expense) is authorized to obtain a written report on the state regulated form from a Maryland licensed pest control company that, based on a careful visual inspection, there is no evidence of termite or other wood-destroying insect infestation in the residence or within three (3) feet of the residence; and damage due to previous infestation has been repaired. The provisions of this paragraph also shall apply to: (1) the garage or within three (3) feet of the garage (whether attached or detached); (2) any outbuildings located within three feet of the residence or garage; and (3) a maximum of ten (10) linear feet of the nearest portion of a fence on Seller's Property within three feet of the residence or garage. If there is evidence of present infestation as described above, or if damage caused by present or prior infestation is discovered, Seller, at Seller's expense, shall repair any damage caused by present or prior infestation and have the present infestation treated by a licensed pest control company. If the cost of treatment and repair of such damage exceeds 2% of the purchase price, Seller may, at Seller's option, cancel this Contract, unless Buyer, at Buyer's option should choose to pay for the cost of treatment and repairs exceeding 2% of the purchase price, then this Contract shall remain in full force and effect. If such report reveals damage for which the cost of treatment and repair exceeds 2% of the purchase price, Seller's decision regarding treatment and repair of damage shall be communicated in writing to Buyer within five (5) days from receipt of the report, after which Buyer shall respond to Seller in writing with Buyer's decision within three (3) days from receipt of Seller's notification of Seller's decision. If Seller does not notify Buyer in writing of Seller's decision within five (5) days from receipt of report, Buyer may, at Buyer's option, pay for the cost of treatment and repairs exceeding 2% of the purchase price. If Buyer does not want to pay for the cost of treatment and repairs exceeding 2% of the purchase price, Buyer may terminate this Contract upon written notice delivered to Seller. In the event this Contract is terminated under the terms of this paragraph, the Deposit(s) shall be disbursed in accordance with the Deposit paragraph of this Contract.

**19. DEPOSIT:** If the Deposit is held by a Broker as specified in Paragraph 7(c) of this Contract, Buyer hereby authorizes and directs Broker to hold the Deposit instrument without negotiation or deposit until the parties have executed and accepted this Contract. Upon acceptance, the initial Deposit and additional Deposits (the "Deposit"), if any, shall be placed in escrow as provided in Paragraph 7(e) of this Contract and in accordance with the requirements of Section 17-502(b)(1) of the Business Occupations and Professions Article, Annotated Code of Maryland. If Seller does not execute and accept this Contract, the initial Deposit instrument shall be promptly returned to Buyer. The Deposit shall be disbursed at settlement. In the event this Contract shall be terminated or settlement does not occur, Buyer and Seller agree that the Deposit shall be disbursed by Broker only in accordance with a Release of Deposit agreement executed by Buyer and Seller. In the event Buyer and/or Seller fail to complete the real estate transaction in accordance with the terms and conditions of this Contract, and either Buyer or Seller shall be unable or unwilling to execute a Release of Deposit agreement, Buyer and Seller hereby acknowledge and agree that Broker may distribute the Deposit in accordance with the provisions of Section 17-505(b) of the Business Occupations and Professions Article, Annotated Code of Maryland.

Buyer _____   Page 4 of 11   10/09   Seller _____

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   COTTON and SLIG

**20. DEED AND TITLE:** Upon payment of the purchase price, a deed for the Property containing covenants of special warranty and further assurances (except in the case of transfer by personal representative of an estate), shall be executed by Seller and shall convey the Property to Buyer. Title to the Property, including all chattels included in the purchase, shall be good and merchantable, free of liens and encumbrances except as specified herein; except for use and occupancy restrictions of public record which are generally applicable to properties in the immediate neighborhood or the subdivision in which the Property is located and publicly recorded easements for public utilities and any other easements which may be observed by an inspection of the Property. Buyer expressly assumes the risk that restrictive covenants, zoning laws or other recorded documents may restrict or prohibit the use of the Property for the purpose(s) intended by Buyer. In the event Seller is unable to give good and merchantable title or such as can be insured by a Maryland licensed title insurer, with Buyer paying not more than the standard rate as filed with the Maryland Insurance Commissioner, Seller, at Seller's expense, shall have the option of curing any defect so as to enable Seller to give good and merchantable title or, if Buyer is willing to accept title without said defect being cured, paying any special premium on behalf of Buyer to obtain title insurance on the Property to the benefit of Buyer. In the event Seller elects to cure any defects in title, this Contract shall continue to remain in full force and effect; and the date of settlement shall be extended for a period not to exceed fourteen (14) additional days. If Seller is unable to cure such title defect(s) and is unable to obtain a policy of title insurance on the Property to the benefit of Buyer from a Maryland licensed title insurer, Buyer shall have the option of taking such title as Seller can give, or terminating this Contract and being reimbursed by Seller for cost of searching title as may have been incurred not to exceed 1/2 of 1% of the purchase price. In the latter event, there shall be no further liability or obligation on either of the parties hereto; and this Contract shall become null and void; and all Deposit(s) shall be disbursed in accordance with the Deposit paragraph of this Contract. In no event shall Broker(s) or their agent(s) have any liability for any defect in Seller's title.

**21. CONDITION OF PROPERTY AND POSSESSION:** At settlement, Seller shall deliver possession of the Property and shall deliver the Property vacant, clear of trash and debris, broom clean and in substantially the same condition as existed on the Date of Contract Acceptance. All electrical, heating, air conditioning, plumbing (including well and septic), and any other mechanical systems and related equipment, appliances and smoke detector(s) included in this Contract shall be in working condition. Buyer reserves the right to inspect the Property within five (5) days prior to settlement. **EXCEPT AS OTHERWISE SPECIFIED IN THIS CONTRACT, INCLUDING THIS PARAGRAPH, THE PROPERTY IS SOLD "AS IS".** The obligations of Seller as provided in this paragraph shall be in addition to any Disclosure and Disclaimer Statement as required by Section 10-702, Real Property Article, Annotated Code of Maryland and any provision of any inspection contingency addendum made a part of this Contract.

**22. ADJUSTMENTS:** Ground rent, homeowner's association fees, rent and water rent shall be adjusted and apportioned as of date of settlement; and all taxes, general or special, and all other public or governmental charges or assessments against the Property which are or may be payable on a periodic basis, including Metropolitan District Sanitary Commission, Washington Suburban Sanitary Commission, or other benefit charges, assessments, liens or encumbrances for sewer, water, drainage, paving, or other public improvements completed or commenced on or prior to the date hereof, or subsequent thereto, are to be adjusted and apportioned as of the date of settlement and are to be assumed and paid thereafter by Buyer, whether assessments have been levied or not as of date of settlement if applicable by local law. Any heating or cooking fuels remaining in supply tank(s) at time of settlement shall become the property of Buyer.

**23. SETTLEMENT COSTS:** Buyer agrees to pay all settlement costs and charges including, but not limited to, all Lender's fees in connection herewith, including title examination and title insurance fees, loan insurance premiums, all document preparation and recording fees, notary fees, survey fees where required, and all recording charges, except those incident to clearing existing encumbrances or title defects, except if Buyer is a Veteran obtaining VA financing, those prohibited to be paid by a Veteran obtaining VA financing, which prohibited charges shall be paid by Seller.

**24. TRANSFER CHARGES:**
 **A. IN GENERAL.** Section 14-104(b) of the Real Property Article, Annotated Code of Maryland provides that, unless otherwise negotiated in the contract or provided by State or local law, the cost of any recordation tax or any State or local Transfer Tax shall be shared equally between the Buyer and Seller.
 **B. FIRST-TIME BUYER.** Under Section 14-104(c) of the Real Property Article, the entire amount of recordation and local transfer tax shall be paid by the Seller of property that is sold to a first-time Maryland homebuyer, unless there is an express agreement that the recordation tax or any state or local transfer tax will not be paid entirely by the Seller.

*RECORDATION AND LOCAL TRANSFER TAX.* If the Buyer is a first-time Maryland homebuyer, Buyer and Seller expressly agree, in accordance with Section 14-104(c) of the Real Property Article, Annotated Code of Maryland, that payment of recordation tax and local transfer tax shall be shared equally between the Buyer and Seller unless a "First-time Maryland Homebuyer Transfer and Recordation Tax Addendum" is attached, which contains a different express agreement.

*STATE TRANSFER TAX:* Under Section 13-203(b) of the Tax-Property Article, Annotated Code of Maryland, the amount of state transfer tax due on the sale of property to a first-time Maryland homebuyer is reduced from 0.50% to 0.25% and shall be paid entirely by the Seller. Buyer is hereby notified that to ensure receipt of the above reduction, Buyer should so indicate on Page 10 of this Contract and complete the required affidavit at settlement indicating that the Buyer is a first-time Maryland homebuyer.

**25. BROKER LIABILITY:** Brokers, their agents, subagents and employees do not assume any responsibility for the condition of the Property or for the performance of this Contract by any or all parties hereto. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract.

**26. BROKER'S FEE:** All parties irrevocably instruct the settlement officer to collect the fee or compensation and disburse same according to the terms and conditions provided in the listing agreement and/or agency representation agreement. Settlement shall not be a condition precedent to payment of compensation.

**27. SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default until settlement. All violation notices or requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at the date of settlement of this Contract, shall be complied with by Seller and the Property conveyed free thereof. The Property is to be held at the risk of Seller until legal title has passed or possession has been given to Buyer. If, prior to the time legal title has passed or possession has been given to Buyer, whichever shall occur first, all or a substantial part of the Property is destroyed or damaged, without fault of Buyer, then this Contract, at the option of Buyer, upon written notice to Seller, shall be null and void and of no further effect, and the deposits shall be disbursed in accordance with the Deposit paragraph of this Contract.

**28. BUYER RESPONSIBILITY:** If Buyer has misrepresented Buyer's financial ability to consummate the purchase of the Property, or if this Contract is contingent upon Buyer securing a written commitment for financing and Buyer fails to apply for such financing within the time period herein specified, or fails to pursue financing diligently and in good faith, or if Buyer makes any misrepresentations in any document relating to financing, or takes (or fails to take) any action which causes Buyer's disqualification for financing, then Buyer shall be in default; and Seller may elect by written notice to Buyer, to terminate this Contract and/or pursue the remedies set forth under the Default paragraph of this Contract.

**29. HOMEOWNER'S ASSOCIATION:** The Property is not part of a development subject to the imposition of mandatory fees as defined by the Maryland Homeowner's Association Act, unless acknowledged by attached addendum.

**30. GROUND RENT:** If the Property is subject to ground rent and the ground rent is not timely paid, the ground lease holder (i.e., the person to whom the ground rent is payable) may bring an action under Section 8-402.3 of the Real Property Article, Annotated Code of Maryland. As a result of this action, a lien may be placed upon the property. If the Property is subject to ground rent, Sections 14-116 and 14-116.1 of the Real Property Article provide the purchaser, upon obtaining ownership of the Property, with certain rights and responsibilities relative to the ground rent. (If the Property is subject to ground rent: See Property Subject to Ground Rent Addendum.)

**31. SALE/SETTLEMENT OR LEASE OF OTHER REAL ESTATE:** Neither this Contract nor the granting of Buyer's loan referred to herein is to be conditioned or contingent in any manner upon the sale, settlement and/or lease of any other real estate unless a contingency for the sale, settlement and/or lease of other real estate is contained in an addendum to this Contract. Unless this Contract is expressly contingent upon the sale, settlement and/or lease of any other real estate, Buyer shall neither apply for nor accept a financing loan commitment which is contingent upon or requires as a pre-condition to funding that any other real estate be sold, settled and/or leased.

**32. LEASES:** Seller may neither negotiate new leases nor renew existing leases for the Property which extend beyond settlement or possession date without Buyer's written consent.

**33. DEFAULT:** Buyer and Seller are required and agree to make full settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof. If Buyer fails to make full settlement or is in default due to Buyer's failure to comply with the terms, covenants and conditions of this Contract, the initial Deposit and additional Deposits (the "Deposit") may be retained by Seller as long as a Release of Deposit Agreement is signed and executed by all parties, expressing that said Deposit may be retained by Seller. In the event the parties do not agree to execute a Release of Deposit Agreement, Buyer and Seller shall have all legal and equitable remedies. If Seller fails to make full settlement or is in default due to Seller's failure to comply with the terms, covenants and conditions of this Contract, Buyer shall be entitled to pursue such rights and remedies as may be available, at law or in equity, including, without

limitation, an action for specific performance of this Contract and/or monetary damages. In the event of any litigation or dispute between Buyer and Seller concerning the release of the Deposit, Broker's sole responsibility may be met, at Broker's option, by paying the Deposit into the court in which such litigation is pending, or by paying the Deposit into the court of proper jurisdiction by an action of interpleader. Buyer and Seller agree that, upon Broker's payment of the Deposit into the court, neither Buyer nor Seller shall have any further right, claim, demand or action against Broker regarding the release of the Deposit; and Buyer and Seller, jointly and severally, shall indemnify and hold Broker harmless from any and all such rights, claims, demands or actions. In the event of such dispute and election by Broker to file an action of interpleader as herein provided, Buyer and Seller further agree and hereby expressly and irrevocably authorize Broker to deduct from the Deposit all costs incurred by Broker in the filing and maintenance of such action of interpleader including but not limited to filing fees, court costs, service of process fees and attorneys' fees, provided that the amount deducted shall not exceed the lesser of $500 or the amount of the Deposit held by Broker. All such fees and costs authorized herein to be deducted may be deducted by Broker from the Deposit prior to paying the balance of the Deposit to the court. Buyer and Seller further agree and expressly declare that all such fees and costs so deducted shall be the exclusive property of Broker. If the amount deducted by Broker is less than the total of all of the costs incurred by Broker in filing and maintaining the interpleader action, then Buyer and Seller jointly, and severally, agree to reimburse Broker for all such excess costs upon the conclusion of the interpleader action.

**34. MEDIATION OF DISPUTES:** Mediation is a process by which the parties attempt to resolve a dispute or claim with the assistance of a neutral mediator who is authorized to facilitate the resolution of the dispute. The mediator has no authority to make an award, to impose a resolution of the dispute or claim upon the parties or to require the parties to continue mediation if the parties do not desire to do so. Buyer and Seller agree that any dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract shall be mediated through the Maryland Association of REALTORS®, Inc. or its member local boards/associations in accordance with the established Mediation Rules and Guidelines of the Association or through such other mediator or mediation service as mutually agreed upon by Buyer and Seller, in writing. Unless otherwise agreed in writing by the parties, mediation fees, costs and expenses shall be divided and paid equally by the parties to the mediation. If either party elects to have an attorney present that party shall pay his or her own attorney's fees.

Buyer and Seller further agree that the obligation of Buyer and Seller to mediate as herein provided shall apply to all disputes or claims arising whether prior to, during or within one (1) year following the actual contract settlement date or when settlement should have occurred. Buyer and Seller agree that neither party shall commence any action in any court regarding a dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract, without first mediating the dispute or claim, unless the right to pursue such action or the ability to protect an interest or pursue a remedy as provided in this Contract, would be precluded by the delay of the mediation. In the event the right to pursue such action, or the ability to protect an interest or pursue a remedy would be precluded by the delay, Buyer or Seller may commence the action only if the initial pleading or document commencing such action is accompanied by a request to stay the proceeding pending the conclusion of the mediation. If a party initiates or commences an action in violation of this provision, the party agrees to pay all costs and expenses, including reasonable attorneys' fees, incurred by the other party to enforce the obligation as provided herein. The provisions of this paragraph shall survive closing and shall not be deemed to have been extinguished by merger with the deed.

**35. ATTORNEY'S FEES:** In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including, but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable attorney's fees from the other party as determined by the court or arbitrator. In any action or proceeding between Buyer and Seller and/or between Buyer and Broker(s) and/or Seller and Broker(s) resulting in Broker(s) being made a party to such action or proceeding, including, but not limited to, any litigation, arbitration, or complaint and claim before the Maryland Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Buyer and Seller jointly and severally, agree to indemnify and hold Broker(s) harmless from and against any and all liability, loss, cost, damages or expenses (including filing fees, court costs, service of process fees, transcript fees and attorneys' fees) incurred by Broker(s) in such action or proceeding, providing that such action or proceeding does not result in a judgment against Broker(s).

As used in this Contract, the term "Broker(s)" shall mean: (a) the two (2) Brokers as identified on Page 11 of this Contract; (b) the two (2) named Sales Associates identified on Page 11 of the Contract; and (c) any agent, subagent, salesperson, independent contractor and/or employees of Broker(s). The term "Broker(s)" shall also mean, in the singular, any or either of the named Broker(s) and/or Sales Associate(s) as identified or, in the plural, both of the named Brokers and/or Sales Associates as identified.

This Paragraph shall apply to any and all such action(s) or proceeding(s) against Broker(s) including those action(s) or proceeding(s) based, in whole or in part, upon any alleged act(s) or omission(s) by Broker(s), including, but not limited to, any alleged act of misrepresentation, fraud, non-disclosure, negligence, violation of any statutory or common law duty, or breach of fiduciary duty by Broker(s). The provision of this Paragraph shall survive closing and shall not be deemed to have been extinguished by merger with the deed.

Buyer _____ Page 7 of 11   10/09 Seller _____

**36. NOTICE OF BUYER'S RIGHT TO SELECT SETTLEMENT SERVICE PROVIDERS:** Buyer has the right to select Buyer's own title insurance company, title lawyer, settlement company, escrow company, mortgage lender or financial institution as defined in the Financial Institutions Article, Annotated Code of Maryland. Buyer acknowledges that Seller may not be prohibited from offering owner financing as a condition of settlement.

**37. LIMITED WARRANTY:** NOTICE TO BUYER: IF A WARRANTY PLAN IS BEING OFFERED WITH THE PURCHASE OF THE PROPERTY, IT MAY BE A LIMITED WARRANTY. SINCE SUCH WARRANTY PLANS DO NOT COVER STRUCTURAL DEFECTS AND MAY NOT COVER PRE-EXISTING DEFECTS, BUYER SHOULD REQUEST THE REAL ESTATE AGENT TO PROVIDE BUYER WITH ANY BROCHURE WHICH DESCRIBES THE PLAN IN ORDER TO DETERMINE THE EXTENT OF COVERAGE PROVIDED BY THE WARRANTY.

**38. PROPERTY INSURANCE BROCHURE:** An informational brochure published by the Maryland Association of REALTORS®, Inc. titled "The New Reality of Property Insurance – What You Should Know" is available to explain current issues relative to obtaining insurance coverage for the Property to be purchased.

**39. GUARANTY FUND:** NOTICE TO BUYER: BUYER IS PROTECTED BY THE REAL ESTATE GUARANTY FUND OF THE MARYLAND REAL ESTATE COMMISSION, UNDER SECTION 17-404 OF THE BUSINESS OCCUPATIONS AND PROFESSIONS ARTICLE OF THE ANNOTATED CODE OF MARYLAND, FOR LOSSES IN AN AMOUNT NOT EXCEEDING $25,000 FOR ANY CLAIM.

**40. SINGLE FAMILY RESIDENTIAL REAL PROPERTY DISCLOSURE NOTICE:** Buyer is advised of the right to receive a "Disclosure and Disclaimer Statement" from Seller (Section 10-702 Real Property Article, Annotated Code of Maryland).

**41. MARYLAND NON-RESIDENT SELLER:** If the Property is not the Seller's principal residence and the Seller is a non-resident individual of the State of Maryland or is a non-resident entity which is not formed under the laws of the State of Maryland or qualified to do business in the State of Maryland, a withholding tax from the proceeds of sale may be withheld at the time of settlement except as otherwise provided by Maryland law. (See Maryland Non-Resident Seller Transfer Withholding Tax Addendum.)

**42. INTERNAL REVENUE SERVICE FILING:** Buyer and Seller each agree to cooperate with the settlement officer by providing all necessary information so that a report can be filed with the Internal Revenue Service, as required by Section 6045 of the IRS Code. To the extent permitted by law, any fees incurred as a result of such filing will be paid by the Seller.

**43. NOTICE TO BUYER CONCERNING THE CHESAPEAKE AND ATLANTIC COASTAL BAYS CRITICAL AREA:** Buyer is advised that all or a portion of the property may be located in the "Critical Area" of the Chesapeake and Atlantic Coastal Bays, and that additional zoning, land use, and resource protection regulations apply in this area. The "Critical Area" generally consists of all land and water areas within 1,000 feet beyond the landward boundaries of state or private wetlands, the Chesapeake Bay, the Atlantic Coastal Bays, and all of their tidal tributaries. The "Critical Area" also includes the waters of and lands under the Chesapeake Bay, the Atlantic Coastal Bays and all of their tidal tributaries to the head of tide. For information as to whether the property is located within the Critical Area, Buyer may contact the local Department of Planning and Zoning, which maintains maps showing the extent of the Critical Area in the jurisdiction. Allegany, Carroll, Frederick, Garrett, Howard, Montgomery and Washington Counties do not include land located in the Critical Area.

**44. WETLANDS NOTICE:** Buyer is advised that if all or a portion of the Property being purchased is wetlands, the approval of the U.S. Army Corps of Engineers will be necessary before a building permit can be issued for the Property. Additionally, the future use of existing dwellings may be restricted due to wetlands. The Corps has adopted a broad definition of wetlands which encompasses a large portion of the Chesapeake Bay Region. Other portions of the State may also be considered wetlands. For information as to whether the Property includes wetlands, Buyer may contact the Baltimore District of the U.S. Army Corps of Engineers. Buyer may also elect, at Buyer's expense, to engage the services of a qualified specialist to inspect the Property for the presence of wetlands prior to submitting a written offer to purchase the Property; or Buyer may include in Buyer's written offer a clause making Buyer's purchase of the Property contingent upon a satisfactory wetlands inspection.

**45. FOREST CONSERVATION ACT NOTICE:** If the Property is a tract of land 40,000 square feet or more in size, Buyer is notified that, unless exempted by applicable law, as a prerequisite to any subdivision plan or grading or sediment control permit for the Property, Buyer will be required to comply with the provisions of the Maryland Forest Conservation Act imposed by Section 5-1601, et seq. of the Natural Resources Article, Annotated Code of Maryland, including, among other

things, the submission and acceptance of a Forest Stand Delineation and a Forest Conservation Plan for the Property in accordance with applicable laws and regulations. Unless otherwise expressly set forth in an addendum to this Contract, Seller represents and warrants that the Property is not currently subject to a Forest Conservation Plan, Management Agreement or any other pending obligation binding the owner of the Property under said Act; further, Seller represents and warrants that no activities have been undertaken on the Property by Seller in violation of the Forest Conservation Act.

**46. NOTICE CONCERNING CONSERVATION EASEMENTS:** If the Property is encumbered by a Conservation Easement as defined in Section 10-705 of the Real Property Article, Annotated Code of Maryland, the contract must contain a notice concerning the easement, which is contained in an attached addendum. This Paragraph does not apply to the sale of property in an action to foreclose a mortgage or deed of trust. (If the Property is encumbered by a Conservation Easement: See Conservation Easement Addendum.)

**47. FOREIGN INVESTMENT TAXES-FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a Buyer of residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) and (b) the seller is a foreign person. Unless otherwise stated in an addendum attached hereto, if the purchase price is in excess of Three Hundred Thousand Dollars ($300,000.00), Seller represents that Seller is not a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations) and agrees to execute an affidavit to this effect at the time of settlement.

**48. CRIMINAL ACTIVITY AND SEXUAL OFFENDERS:** Buyer may contact the state, county or municipal police departments in which the Property is located or check the "Sex Offender Registry" at the Maryland Department of Public Safety and Correctional Services website in order to ascertain criminal activity in the vicinity of the Property or the presence of registered sexual offenders who live or work within the vicinity of the Property. Buyer acknowledges that Buyer is solely responsible to inquire of such matters before signing this Contract. Buyer shall have no right to cancel this Contract based upon criminal activity or the presence of registered sexual offenders in the vicinity of the Property. Buyer further acknowledges that no real estate licensee involved in the sale or purchase of the Property, whether acting as the agent for Seller or Buyer, has any duty nor assumes any duty or responsibility to ascertain criminal activity or the presence of registered sexual offenders in the vicinity of the Property.

**49. MILITARY INSTALLATIONS:** This Section does not apply in Allegany, Carroll, Frederick, Garrett, Howard, Montgomery, and Washington Counties. Buyer is advised that the Property may be located near a military installation that conducts flight operations, munitions testing, or military operations that may result in high noise levels.

**50. NOTICE TO THE PARTIES:**
   (A) NO REPRESENTATIONS: Brokers, their agents, subagents and employees, make no representations with respect to:
      (1) Water quantity, quality, color, or taste or operating conditions of public and/or private water systems;
      (2) Location, size or operating condition of on-site sewage disposal systems;
      (3) The extensions of public utilities by local municipal authorities, existence or availability of public utilities, and any assessments, fees or costs for public utilities which might be imposed by local municipal authorities, should public utilities be extended or available to the subject Property. (Buyer should consult the Department of Public Works to determine the availability of proposed future extensions of utilities.);
      (4) Lot size and exact location. If the subject Property is part of a recorded subdivision, Buyer can review the plat upon request at the Record Office. If the subject Property is not part of a recorded subdivision, Buyer may verify exact size and location through a survey by a licensed engineer or land surveyor, at Buyer's expense; or
      (5) Existing zoning or permitted uses of the Property. Buyer should contact the Zoning Office and/or a licensed engineer to verify zoning and permitted uses.

   (B) NO ADVISING: Brokers/agents are not advising the parties as to certain other issues, including without limitation: soil conditions; flood hazard areas; possible restrictions of the use of property due to restrictive covenants, subdivision, environmental laws, easements or other documents; airport or aircraft noise; planned land use, roads or highways; and construction materials and/or hazardous materials, including without limitation flame retardant treated plywood (FRT), radon, radium, mold spores, urea formaldehyde foam insulation (UFFI), synthetic stucco (EIFS), asbestos, polybutylene piping and lead-based paint. Information relating to these issues may be available from appropriate governmental authorities. This disclosure is not intended to provide an inspection contingency.

   (C) COMPENSATION OF VENDORS: Buyer and Seller each assume full responsibility for selecting and compensating their respective vendors.

   (D) PROTECTION OF HOMEOWNERS IN FORECLOSURE ACT NOTICE: BUYER AND SELLER ACKNOWLEDGE THAT, UNDER SECTION 7-310 OF THE REAL PROPERTY ARTICLE OF THE ANNOTATED CODE OF MARYLAND, IF

THE MORTGAGE ON THE PROPERTY IS AT LEAST 60 DAYS IN DEFAULT ON THE DATE OF CONTRACT ACCEPTANCE, SELLER HAS THE RIGHT TO RESCIND THE CONTRACT WITHIN 5 DAYS AFTER THE DATE OF CONTRACT ACCEPTANCE. ANY PROVISION IN THIS CONTRACT OR OTHER AGREEMENT THAT ATTEMPTS OR PURPORTS TO WAIVE ANY OF THE SELLER'S RIGHTS UNDER SECTION 7-310 IS VOID.

**51. NON-ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until settlement.

**52. PARAGRAPH HEADINGS:** The Paragraph headings of this Contract are for convenience and reference only, and in no way define or limit the intent, rights or obligations of the parties.

**53. COMPUTATION OF DAYS:** As used in this Contract, and in any addendum or addenda to this Contract, the term "days" shall mean consecutive calendar days, including Saturdays, Sundays, and holidays, whether federal, state, local or religious. A day shall be measured from 12:00:01 a.m. to and including 11:59:59 p.m. E.S.T. For the purposes of calculating days, the count of "days" shall begin on the day following the day upon which any act or notice as provided in this Contract, or any addendum or addenda to this Contract, was required to be performed or made.

**54. ENTIRE AGREEMENT:** This Contract and any addenda thereto contain the final and entire agreement between the parties, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained. The parties to this Contract mutually agree that it is binding upon them, their heirs, executors, administrators, personal representatives, successors and, if permitted as herein provided, assigns. Once signed, the terms of this Contract can only be changed by a document executed by all parties. This Contract shall be interpreted and construed in accordance with the laws of the State of Maryland. It is further agreed that this Contract may be executed in counterparts, each of which when considered together shall constitute the original Contract.

**55. ELECTRONIC DELIVERY:** The parties agree that this Contract offer shall be deemed validly executed and delivered by a party if a party executes this Contract and delivers a copy of the executed Contract to the other party by telefax or telecopier transmittal, or delivers a digital image of the executed document by email transmittal.

| Buyer's Signature | Date 2/24/10 | Seller's Signature | Date 2-24-20 |
|---|---|---|---|
| FELICIA D. SLIGH | | CYNTHIA COTTON | |

| Buyer's Signature | Date | Seller's Signature | Date |
|---|---|---|---|

**DATE OF CONTRACT ACCEPTANCE:** _____

**Contact Information:**  ☒ **Check if First-Time Maryland Homebuyer**
BUYER / NAME(S): **FELICIA D. SLIGH**
MAILING ADDRESS: _____

SELLER / NAME(S): **CYNTHIA COTTON**
MAILING ADDRESS: _____

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   COTTONand SLIG

**Information provided for reference only:**

LISTING BROKER: _____ BRANCH OFFICE: _____

OFFICE PHONE: _____ FAX: _____ BROKER/AGENT MLS ID: _____

OFFICE ADDRESS: _____

SALES ASSOCIATE: _____ E-Mail: _____ PHONE: _____

ACTING AS: [ ] LISTING BROKER AND SELLER AGENT; OR
[ ] INTRA - COMPANY AGENT WITH BROKER AS DUAL AGENT

SELLING BROKER: _____ BRANCH OFFICE: _____

OFFICE PHONE: _____ FAX: _____ BROKER/AGENT MLS ID: _____

OFFICE ADDRESS: _____

SALES ASSOCIATE: _____ E-Mail: _____ PHONE: _____

ACTING AS: [ ] SELLER AGENT (WHETHER "COOPERATING AGENT" OR "SELLING AGENT" ); OR
[ ] BUYER AGENT; OR
[ ] INTRA - COMPANY AGENT WITH BROKER AS DUAL AGENT

©Copyright 2009 Maryland Association of REALTORS®, Inc. For use by REALTOR® members of the Maryland Association of REALTORS® only. Except as negotiated by the parties to the Contract, this form may not be altered or modified in any form without the prior expressed written consent of the Maryland Association of REALTORS®, Inc.



MARYLAND ASSOCIATION OF REALTORS®

# FHA FINANCING ADDENDUM

ADDENDUM # _____ dated _____ to Contract of Sale dated __February 24, 2010__,

between Buyer _____ FELICIA D. SLIGH _____ and

Seller _____ CYNTHIA COTTON _____ for Property known

as _____ 1128 WILSON AVENUE , GWYNN OAK , MD 21207 _____ .

The Contract is contingent upon Buyer's obtaining a mortgage insured by the Federal Housing Administration (FHA) and secured by the Property as follows:

**1. LOAN DETAILS:**

Mortgage Insurance Premium (MIP)   $ _____     Loan Program _____
                                                        TERM OF LOAN _____ Years
Base Loan Amount                    $ _____     INITIAL INTEREST RATE _____ %

**TOTAL LOAN AMOUNT**                $ _____

Buyer agrees to pay to Lender loan origination/loan discount fees of _____ % of the loan amount and Seller agrees to pay loan origination/loan discount fees of _____ % of the loan amount. Buyer shall receive the benefit of any reduction in said fees. All loan insurance premiums as required by Lender shall be paid by Buyer.
BY ACCEPTING A LOAN AGREEMENT WHEREBY THE INTEREST RATE AND LOAN DISCOUNT FEES ARE NOT BEING LOCKED IN, BUYER AGREES TO ACCEPT THE CURRENT MARKET RATE AT THE TIME OF LOCK-IN AND THE RESPONSIBILITY FOR ANY ADDITIONAL FEES CHARGED. BUYER SHALL REMAIN BOUND TO PERFORM UNDER THE CONTRACT, NOTWITHSTANDING ANY SUCH CHANGES IN THE RATE AND/OR FEES.

**2. MONTHLY PAYMENT:** Payments to Lender shall include monthly principal and interest, plus one-twelfth of the annual real estate taxes, ground rent, special assessments or charges, if any, hazard (fire) insurance premium, flood insurance, where required, and FHA MIP payment.

**3. LOAN UNDERWRITING:** Buyer and Seller understand that the Lender will have to resubmit the loan to underwriting if, from the time Buyer's loan application was approved to the time of settlement, there are any increases to the interest rate and/or the loan origination/discount fees. To the extent such changes do not conflict with the conditions of the Contract, Buyer agrees to comply with Lender's request for additional or updated information as required to approve the loan.

**4. FHA AMENDATORY CLAUSE:** It is expressly agreed that notwithstanding any other provisions of the Contract, Buyer shall not be obligated to complete the purchase of the Property described herein or to incur any penalty by forfeiture of deposit or otherwise unless Buyer has been given in accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the appraised value of the Property of not less than $ __219,000.00__ . Buyer shall have the privilege and option to proceed with consummation of the Contract without regard to the amount of the appraised value. **The appraised value is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the Property. Buyer should satisfy himself/herself that the price and condition of the Property are acceptable. NOTICE:** The dollar amount to be inserted in the amendatory clause is the purchase price as stated in the Contract. If Buyer and Seller agree to adjust the purchase price in response to an appraised value that is less than the purchase price, a new amendatory clause is **not** required. However, the loan application package must include the original Contract with the same purchase price as shown in the amendatory clause, along with the revised or amended Contract.

Buyer _____   Page 1 of 2   04/08   Seller _____ / _____

FHA Financing Addendum

**5. MORTGAGE INSURANCE:** Buyer agrees to pay mortgage insurance premiums (MIP) as required by FHA regulations. MIP must be paid at the time of settlement in cash or included in the loan amount; **AND IN ADDITION**, a mortgage insurance premium equal to a percentage of the loan amount must be paid monthly thereafter.

**6. TERMITE INSPECTION:** In all transactions involving FHA financing, fences and outbuildings shall be included in the inspection and certification.

**7. LENDER REQUIRED REPAIRS:** In the event the FHA and/or Lender require any repairs or improvements ("Required Repairs") be made to the Property, Seller agrees to perform the Required Repairs and pay the cost thereof at or prior to settlement, provided the total cost of the Required Repairs does not exceed $ _____ , ("Repair Amount"). **This cost shall be in addition to Seller's other obligations under the terms of the Contract.** Should the cost of Required Repairs exceed the Repair Amount:

    A. Seller may elect to pay the total cost of the Required Repairs, in which event the Contract shall remain in full force and effect.
    B. Seller may terminate the Contract by written notice to Buyer, which must include a written estimate of the cost of the Required Repairs. Said written notice shall be provided to Buyer within five (5) days of Seller's receipt of written estimate(s).
    C. The Contract shall remain in full force and effect if, within five (5) days of Buyer's receipt of Seller's notice of termination, Buyer elects, in writing, to pay the cost of the Required Repairs, which exceeds the Repair Amount.
    D. If neither Buyer nor Seller elects to pay the excess cost of any Required Repairs, the Contract shall become null and void; and all Deposit(s) shall be disbursed in accordance with the Deposit paragraph of the Contract.

**8. CERTIFICATION:** Seller, Buyer and Broker(s) hereby certify that the terms of the Contract to which this Addendum is attached are true to the best of their knowledge and belief. Any other agreement(s) entered into between the parties with respect to the purchase and sale of the Property has been fully disclosed and is attached to the Contract.

**9. FHA REQUIRED NOTICE:** Buyer acknowledges receipt of HUD form #92564-CN entitled: *For Your Protection: Get A Home Inspection.*  _____/_____
                                                                          **Buyer's Initials**

***All other terms and conditions of the Contract of Sale remain in full force and effect.***

| Buyer Signature  _2/24/10_ | Seller Signature _Cynthia Cotton_  _2-24-201_ |
|---|---|
| FELICIA D. SLIGH | CYNTHIA COTTON |

| Buyer Signature     Date | Seller Signature     Date |
|---|---|

Broker or Duly Authorized Representative     Date

Broker or Duly Authorized Representative     Date

©Copyright 2008 Maryland Association of REALTORS®, Inc. For use by REALTOR® members of the Maryland Association of REALTORS® only. Except as negotiated by the parties to the Contract, this form may not be altered or modified in any form without the prior expressed written consent of the Maryland Association of REALTORS®, Inc.



# AMENDMENT/ADDENDUM

ADDENDUM NUMBER _____ to CONTRACT OF SALE/LEASE dated __**February 24, 2010**__

BUYER(S)/TENANT(S): **FELICIA D. SLIGH**

SELLER(S)/LANDLORD(S): **CYNTHIA COTTON**

PROPERTY: **1128 WILSON AVENUE , GWYNN OAK , MD   21207**

For valuable consideration, receipt of which is hereby acknowledged, we, the undersigned parties hereby agree as follows:

**All PARTIES AGREE SELLER WILL PAY ALL CLOSING OST, TAXES AND ESCROWS UP TO 6% OF THE SALES PRICE.**

All other terms and conditions of the Contract shall remain the same and in full force and effect.

_____ (SEAL)  __2/24/10_____
Buyer/Tenant **FELICIA D. SLIGH**                                Date

_____ (SEAL)  _____
Buyer/Tenant                                                    Date

_____ (SEAL)  __2-24-2010_____
Seller/Landlord **CYNTHIA COTTON**                              Date

_____ (SEAL)  _____
Seller/Landlord                                                 Date

FORM 1401 (7/05)   © 2002 The Greater Baltimore Board of REALTORS®, Inc.



Keller Williams Select Realtors 3290 N Ridge Rd, Suite 150 Ellicott City, MD 21043
Phone: 443-574-1600       Fax: 443-574-1696       Alita Credell                                   COTTONand SLIG
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

## BALTIMORE COUNTY NOTICES AND DISCLOSURES ADDENDUM
(For use with Maryland Association of REALTORS® Residential Contract of Sale)

ADDENDUM NUMBER _____ dated _____ to CONTRACT OF SALE (the

"Contract") dated _____ February 24, 2010 _____

BUYER: _____ FELICIA D. SLIGH _____

SELLER: _____ CYNTHIA COTTON _____

PROPERTY: _____ 1128 WILSON AVENUE , GWYNN OAK , MD  21207 _____

1. **MASTER PLAN:** Buyer is hereby advised that the Property, or the area in which the Property is located, may be affected by provisions of the current Baltimore County Master Plan. You may wish to review the Master Plan. To become fully informed of current and future land use plans, facilities plans, public works plans or school plans, you should consult the appropriate Baltimore County agency for information regarding such plans. For further information, contact Baltimore County Office of Planning at 410-887-3211, 401 Bosley Avenue, Suite 406, Towson, Maryland, 21204.

Buyer acknowledges that Seller has informed Buyer that (a) the Property may be affected by provisions of the Master Plan and that Buyer may wish to review the Master Plan, and (b) in order to become fully informed of current and future land use plans, facilities plans, public works plans, school plans, or other plans affecting the Property or locality, Buyer should consult the appropriate state, Baltimore County or other authorities for information regarding such plans.

Buyer's Signature _____ Buyer's Signature _____
FELICIA D. SLIGH

2. **DEVELOPMENT PLAN:** Buyer is hereby advised that the Property, or the area in which the Property is located, may be affected by the provisions of a development plan. To become fully informed of any current development plan affecting the Property, and in order to have an opportunity to review such development plan, Buyer should contact the appropriate Baltimore agency. For further information, contact Baltimore County Department of Permits and Development Management at 410-887-3353, 111 W. Chesapeake Avenue, Towson, Maryland, 21204.

3. **PANHANDLE LOTS:** Buyer is hereby advised that if the Property is a panhandle lot (as defined in Section 32-4-101 of the Baltimore County Code), the County is not responsible for maintaining the road, removing snow, or providing trash collection along the panhandle driveway. For further information, contact Baltimore County Department of Permits and Development Management at 410-887-3353, 111 W. Chesapeake Avenue, Towson, Maryland, 21204.

4. **AGRICULTURAL OPERATIONS:** If the Property is located in, or within five hundred feet (500') of an R.C. 4 zone, Buyer is hereby advised that the Property may be subject to inconvenience or discomforts arising from agricultural operations, including, but not limited to: operation of machinery of any kind (including aircraft) during any 24-hour period; the storage and disposal of manure; and the application by spraying or otherwise of chemical fertilizers, soil amendments, herbicides and pesticides. Baltimore County shall not consider an agricultural operation to be a public or private nuisance if the operation complies with all federal, state or county health and zoning requirements and is not being conducted in a negligent manner. For further information, contact Baltimore County Department of Permits & Development Management at 410-887-3353, 111 W. Chesapeake Avenue, Towson, Maryland, 21204.

5. **BALTIMORE COUNTY TRANSFER TAX EXEMPTION FOR OWNER-OCCUPIED RESIDENTIAL PROPERTY:** Buyer and Seller are hereby advised that the Baltimore County Transfer Tax does not apply to the first Twenty-Two Thousand Dollars ($22,000.00) of consideration payable for residentially improved **owner-occupied** real property. Under Baltimore law, the Buyer will receive the full benefit of this exemption, unless the Seller pays all Baltimore County transfer taxes, in which case Seller will receive the benefit. **(initial)** __CC__ Seller agrees to pay all Baltimore County transfer taxes.

6. **NOTICE TO BUYER - PRIVATE SEWER AND/OR WATER SUPPLY SYSTEM:** Seller hereby discloses that the Property is __CC__ or is not _____ (Seller to initial applicable provision) served by a public sewer or water supply system and/or is _____ or is not __CC__ (Seller to initial applicable provision) equipped with a private sewer or water supply system.

Page 1 of 3

PROPERTY <u>1128 WILSON AVENUE , GWYNN OAK , MD 21207</u>

**7. PUBLIC WATER OR SEWER FACILITIES; NOTICE TO BUYERS OF REAL ESTATE IN BALTIMORE COUNTY:** The Property is subject to a fee or assessment charged under the authority granted to developer pursuant to Section 32-4-310 of the Baltimore County Code, which purports to cover or defray the cost of installing all or part of the public water or sewer facilities constructed by the developer of the subdivision known as _____.
This fee or assessment is $ _____ , payable annually in the month of _____ to _____ (name and address) (hereinafter called "lienholder") until _____ . There may be a right of prepayment or discount for early payment which may be ascertained by contacting the lienholder. The fee and assessment is a contractual obligation between the lienholder and each owner of the Property, that runs with the land, and is not in any way, a fee or assessment of Baltimore County.

**8. NOTICE TO BUYER: PRIVATE WATER SUPPLY/WELL:** (a) If the Property is served by, or intended to be serviced by, a private water supply, attach separate Baltimore County Well Water Notice and Addendum (GBBR form 1451).

**(b) ELEVATED LEVELS OF NATURALLY OCCURRING RADIUM:** Buyer is notified that Baltimore County Department of Environmental Protection and Resource Management has advised that, as a result of a water quality survey, elevated levels of naturally occurring radium and uranium have been found in some wells located in the Baltimore Gneiss formation. Properties serviced by public water are not impacted. Property Owners in the affected area will be required to test new and replacement wells and, if applicable, install a treatment system (water softener or reverse osmosis), prior to being granted a Certificate of Potability and putting the well into use. There are no regulations that require private owners of existing private wells to meet US EPA drinking water standards for radioactivity. Buyer of property served by private water supply will be provided with the brochure entitled "Radionuclides & Your Well Water: A Homeowner's Guide." For a copy of a general map of Baltimore County showing the potentially affected areas or for further information, Buyer should contact the Baltimore County Department of Environmental Protection and Resource Management at 410-887-2762.

Buyer to initial:

_[initialed]_ **If property is served by private water supply, Buyer acknowledges receipt of the brochure entitled "Radionuclides & Your Well Water: A Homeowner's Guide"**

**9. NOTICE TO BUYER - HOUSE REMOVED FROM FLOOD PLAINS:** Seller hereby discloses to Buyer that the house, building or structure which is the subject of the Contract, has _CC_ or has not _____ *(Seller to initial applicable provision)* been removed from a 100-year flood plain located in Baltimore County.

**10. HISTORIC OR LANDMARK PROPERTY:** Seller hereby discloses to Buyer that the Property is _____ or is not _CC_ *(Seller to initial applicable provision)* located within a historic district under the Baltimore County Code or does _____ or does not _CC_ *(Seller to initial applicable provision)* appear on the Baltimore County preliminary landmarks list or final landmarks list. **Buyer acknowledges that if the Property is located within a historic district or appears on either the Baltimore County preliminary or final landmarks list, Buyer's use of the Property shall be subject to the provision of the Baltimore County Code. For further information, contact the Baltimore County Office of Planning at (410) 887-3211, 401 Bosley Avenue, Suite 406, Towson, Maryland 21204.**

**11. RENTAL HOUSING LICENSE - BALTIMORE COUNTY:**
   (A) In Baltimore County, all buildings or a portion of a building that contain one to six dwelling units intended or designated as rental units must register and be licensed with Baltimore County on or before January 1, 2009.

   (B) A person who owns and rents a dwelling unit or a portion of a dwelling unit without a license may be subject to the denial, suspension, revocation or non-renewal of the license and/or civil penalties of $25 per day for each day a violation occurs and $200 per day for each day a correction notice is not complied with, and there will be a $1,000 fine for not complying with the Rental Registration Law.

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        COTTONand SLIG

PROPERTY <u>1128 WILSON AVENUE , GWYNN OAK , MD  21207</u>

(C) In the event a rental dwelling located in Baltimore County is sold or a change of ownership of the dwelling occurs, the new property owner is required to notify the Baltimore County Department of Permits and Development Management of the change of ownership.

_____    _2/24/10_____
BUYER FELICIA D. SLIGH                                        DATE

_____    _____
BUYER                                                         DATE

_____Cynthia Cotton_____    _2-24-2010_____
SELLER CYNTHIA COTTON                                         DATE

_____    _____
SELLER                                                        DATE

This form has been prepared for the sole use of the following Boards/Associations of REALTORS® and their members. Each Board/Association, including its members and employees, assumes no responsibility if this form fails to protect the interests of any party. Each party should seek its own legal, tax, and financial or other advice.

The Greater Baltimore Board of REALTORS®, Inc.     Harford County Association of REALTORS®, Inc.
Carroll County Association of REALTORS®, Inc.      Howard County Association of REALTORS®, Inc.

FORM 1600 (REV. 12/2008)    ©2008 The Greater Baltimore Board of REALTORS®, Inc.



Page 3 of 3



REALTOR®

Produced with ZipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          COTTONand SLIG



# FIRST-TIME MARYLAND HOMEBUYER
# TRANSFER AND RECORDATION TAX ADDENDUM

ADDENDUM # _____ dated _____ to Contract of Sale dated __February 24, 2010__, between

Buyer _____ FELICIA D. SLIGH _____ and Seller

_____ CYNTHIA COTTON _____ for Property known as

_____ 1128 WILSON AVENUE , GWYNN OAK , MD 21207 _____

FOR USE ONLY WHEN AN INDIVIDUAL HAS NEVER OWNED RESIDENTIAL REAL PROPERTY IN THE STATE OF MARYLAND AND THE PARTIES INTEND TO PROVIDE FOR AN EXPRESS AGREEMENT ON TERMS DIFFERENT FROM THOSE CONTAINED IN PARAGRAPH 24 OF THE CONTRACT OF SALE.
TO QUALIFY AS A FIRST-TIME MARYLAND HOMEBUYER, EACH BUYER MUST SIGN A STATEMENT UNDER OATH STATING THAT:

   (A.) THE BUYER HAS NEVER OWNED RESIDENTIAL REAL PROPERTY IN MARYLAND THAT HAS BEEN THE INDIVIDUAL'S PRINCIPAL RESIDENCE; AND
   (B.) THE RESIDENCE WILL BE OCCUPIED AS A PRINCIPAL RESIDENCE; OR
   (C.) THE BUYER IS A CO-MAKER OR GUARANTOR OF A MORTGAGE OR DEED OF TRUST TO BE SECURED BY THE PROPERTY AND THE CO-MAKER OR GUARANTOR WILL NOT OCCUPY THE PROPERTY AS A PRINCIPAL RESIDENCE.

BUYER IS A FIRST-TIME MARYLAND HOMEBUYER WHO WILL OCCUPY THE IMPROVED, RESIDENTIAL REAL PROPERTY AS A PRINCIPAL RESIDENCE.

**1. STATE TRANSFER TAX**
   (A) SECTION 13-203(B) OF THE TAX-PROPERTY ARTICLE OF THE ANNOTATED CODE OF MARYLAND PROVIDES THAT THE RATE OF THE STATE TRANSFER TAX IS REDUCED FROM 0.50% TO 0.25% OF THE CONSIDERATION PAYABLE FOR THE INSTRUMENT IN WRITING AND SHALL BE PAID ENTIRELY BY THE SELLER.
   (B) SECTION 14-104(C)(2) OF THE REAL PROPERTY ARTICLE OF THE ANNOTATED CODE OF MARYLAND PROVIDES THAT THE ENTIRE AMOUNT OF STATE TRANSFER TAX SHALL BE PAID BY THE SELLER.

**2. RECORDATION TAX AND LOCAL TRANSFER TAX**
   SECTION 14-104(C)(1) OF THE REAL PROPERTY ARTICLE OF THE ANNOTATED CODE OF MARYLAND PROVIDES THAT THE ENTIRE AMOUNT OF RECORDATION TAX AND LOCAL TRANSFER TAX SHALL BE PAID BY THE SELLER UNLESS THERE IS AN EXPRESS AGREEMENT BETWEEN THE PARTIES THAT THE RECORDATION TAX AND LOCAL TRANSFER TAX WILL <u>NOT</u> BE PAID ENTIRELY BY THE SELLER.

BUYER AND SELLER <u>EXPRESSLY AGREE</u> THAT THE COST OF RECORDATION TAX AND LOCAL TRANSFER TAX SHALL BE PAID AS FOLLOWS: (**BUYER AND SELLER TO INITIAL ONE**)
   /        /     SELLER TO PAY
   /        /     BUYER TO PAY
   /        /     OTHER AS FOLLOWS: _____

*All other terms and conditions of the Contract of Sale remain in full force and effect.*

_____ 2/24/10     _____ 2-24-2010
**Buyer Signature**           Date      **Seller Signature**           Date
FELICIA D. SLIGH                                      CYNTHIA COTTON

_____ _____     _____ _____
**Buyer Signature**           Date      **Seller Signature**           Date

©Copyright 2007 Maryland Association of REALTORS®, Inc. For use by REALTOR® members of the Maryland Association of REALTORS® only. Except as negotiated by the parties to the Contract, this form may not be altered or modified in any form without the prior expressed written consent of the Maryland Association of REALTORS®, Inc.



10/07



Keller Williams Select Realtors 3290 N Ridge Rd, Suite 150 Ellicott City, MD 21043
Phone: 443-574-1600     Fax: 443-574-1696     Alita Credell     COTTONand SLIG
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com